# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH W. BALIK,<br><br>    Plaintiff,<br>  v.<br>SPRINT/UNITED MANAGEMENT CO.; TIME WARNER CABLE, INC.; TELEPHONE AND DATA SYSTEMS, INC.; PATRICK M. GAVIN, VP of Counsel; SPRINT, INC.,<br><br>    Defendants. | CASE NO. 16cv1106-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the "Motion – Additional Details Per Fed R C 24(a)(3)" (ECF No. 8) filed by Plaintiff Jeremiah W. Balik.

On May 9, 2016, Plaintiff, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). On May 9, 2016, Plaintiff also filed the motion to proceed in forma pauperis ("IFP"). (ECF No. 2).

On May 25, 2016, the Court issued an Order denying the motion to proceed in forma pauperis without prejudice on the grounds that Plaintiff did not provide the Court with sufficient information. (ECF No. 3). The Order stated, "Plaintiff shall ... either (1) pay the requisite $400 filing fee, or (2) submit a more detailed motion to proceed in forma pauperis." *Id.* at 3.

On June 29, 2016, Plaintiff filed the "Motion – Additional Details Per Fed R C 12(a)(3)." The motion provides the Court with additional information regarding

Plaintiff's bank account balances and monthly spending. The Court construes the motion as a motion to proceed in IFP, and considers the information in both motions to proceed IFP in deciding whether to grant Plaintiff IFP.

## I.     Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege, not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In Plaintiff's affidavit accompanying the original motion to proceed in forma pauperis, Plaintiff states that he is not currently employed. Plaintiff states that he receives $2,900 per month in VA benefits. Plaintiff states that he has a 2011 Toyota Prius that he is still making payments on. Among other expenses, Plaintiff states that his average monthly rent is $2,015 and his monthly utilities cost $350. Plaintiff states that he spends at least $800 on food, $150 on clothing, $35 on laundry and dry cleaning, and approximately $623 on transportation each month. In his most recent motion, Plaintiff provided bank account records which indicate that as of June 7, 2016, Plaintiff had $1,217.28 in his Wells Fargo checking account, $437.01 in his Wells Fargo savings account, and $163.52 in his Navy Federal Credit Union accounts.

The Court has reviewed the motions and accompanying documents and finds that they are sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.    Initial Screening of Complaint

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the

extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Plaintiff named Sprint/United Management Co., Time Warner Cable, Inc., and Telephone and Data Systems, Inc. as Defendants. Plaintiff alleges claims against Defendants for racial discrimination pursuant to § 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). (ECF No. 1 at 3). The Complaint alleges the following facts with regard to Plaintiff's application for employment with Defendants and Defendants' actions in not hiring Plaintiff: "Plaintiff applied for numerous jobs with Defendants, in numerous states [E.g., California, Illinois and Wisconsin]. Plaintiff was denied employment in every situation due to the first cause of action; discrimination [with pretext] . . . ." *Id.* The Complaint alleges that after Plaintiff accepted an offer from Defendant [Sprint], "Plaintiff's Sprint offer was rescinded for no valid reason." *Id.* at 5. The Complaint alleges that "Plaintiff applied for positions Plaintiff was more than qualified for with Defendant in San Diego and Los Angeles. Plaintiff received email replies that Defendant would not be moving on with

Plaintiff." *Id.* at 8. The Complaint alleges that

> Plaintiff interviewed and accepted an offer with TDS Telecom/Defendant at or around March 21, 2012 . . . Plaintiff received call from TDS . . . HR Specialist Nicole Jooranstand after signing offer letter and getting training start date that they needed to do additional background checking – call Plaintiff's references. Nicole Joraanstad lied; she never called any of Plaintiff's job references, one of which is US Senator Charles Grassley. Plaintiff called US Senator Grassley staffer . . . he confirmed he never received a call from Nicole Jooranstad.

*Id.* at 9. The Complaint alleges that

> Plaintiff applied for/took assessments for numerous jobs with Time Warner Cable/Defendant, Inc. in the Los Angeles CSMA and San Diego CSMA on or about from October 2014 – May 2015 . . . . Plaintiff was never called for interview[s] and would only receive emails from Time Warner, Inc. stating that they are pursuing other candidates.

*Id.* at 17. The Complaint alleges that "either Congressman Fred Upton . . . or Mayor Rahm Emanuel or BOTH abused their authority and called in a favor to Time Warner, Sprint et al to block and prevent Plaintiff from getting interviewed and hired at telecommunications companies." *Id.* at 19.

The Court concludes that the allegations in the Complaint are vague, conclusory, or both. *See Twombly*, 550 U.S. at 555 n. 3 ("Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the claim, but also 'grounds' on which the claim rests."). Plaintiff's Complaint does not allege any facts to support an inference that Defendants discriminated against Plaintiff based on his race by declining to employ him. Many of the factual allegations in the Complaint are not related to Plaintiff's claim for employment discrimination or alleged wrongdoing by the named Defendants.

The Court concludes that the Complaint must be dismissed because it fails to state a claim on which relief can be granted. The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

///

///

///

**III.   Conclusion**

IT IS HEREBY ORDERED that the motion to proceed in forma pauperis (ECF No. 8) is granted.  The Complaint (ECF No. 1) is dismissed without prejudice.

DATED:  August 2, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge